**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**COLUMBUS CARR, JR.,**                                                 **PETITIONER**

**v.**                                              **No. 2:12CV12-B-V**

**JESSIE J. STREETER, ET AL.**                                       **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Columbus Carr, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed, and Carr has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

Columbus Carr, Jr. is in the custody of the Mississippi Department of Corrections and is currently housed at the Marshall County Correctional Facility at Holly Springs, Mississippi. Carr was convicted of capital murder in the Circuit Court of Tate County, Mississippi and was sentenced as a habitual offender by Order filed April 8, 2003, to serve a term of life in the custody of the Mississippi Department of Corrections. On August 24, 2004, the Mississippi Court of Appeals affirmed Carr's conviction and sentence. *Carr v. State of Mississippi*, 880 So. 2d 1079 (Miss. Ct. App. 2004) (Cause No. 2003-KA-00826-COA). Carr did not seek timely discretionary review in state court by filing a petition for rehearing as set forth in MISS. R. APP. P. 40.

Carr signed an "Application for Leave to Proceed in the Trial Court" on May 11, 2005, which was stamped as "filed" in that court on May 26, 2005. On June 17, 2005, the Mississippi Supreme Court denied Carr's application.

On August 26, 2011, Carr signed an "Application for Leave to File Motion for Post Conviction Collateral Relief," which was stamped "filed" by the Mississippi Supreme Court on August 31, 2011. Carr's application for post-conviction relief was dismissed the Mississippi Supreme Court on December 14, 2011 as procedurally barred. The panel found that the application failed to meet any exception to the application of procedural bar. Carr also filed a petition for rehearing of the state court's decision, which was denied on July 27, 2005, as not properly before the court under MISS. R. APP. P. 27(h).

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As set forth above, Carr did not seek the first step of discretionary appellate review in state court, thus stopping the appeal process and the chance for further direct review in the Mississippi Supreme Court or review in the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, Carr's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired, fourteen days after his conviction was affirmed on direct appeal. MISS. R. APP. P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Carr's conviction thus became final on September 7, 2004 (August 24, 2004 + fourteen days).

Carr is entitled to statutory tolling under 2244(d)(2) for the period of time that his application for postconviction relief was pending in state court – a total of 37 days (May 11, 2005, to June 17, 2005), as the application was filed before the September 7, 2005, deadline. *Flanagan v. Johnson*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Thus, the new deadline for federal *habeas corpus* relief became October 14, 2005. Carr did not file any other request for state post-conviction relief filed before the deadline of October 14, 2005 (though he did file one in 2011, about six years after the deadline). As such, he does not benefit from additional statutory tolling.[1]

---

[1] Carr's motion for rehearing was not a "properly filed" pleading under state law, and, therefore, it fails to further toll the statute of limitations period under 2244(d)(2). *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (quoting *Artuz v. Bennett*, 531 U.S. 4 (2000) (holding

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on January 20, 2012, and the date it was received and stamped as "filed" in the district court on January 26, 2012. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 2,289 days after the October 14, 2005, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 22th day of March, 2013.

/s/ Neal B. Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE

---

that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable law and rules governing filings"). However, even assuming that the limitations period were extended until the July 27, 2005, order denying rehearing, the limitations period would have only been tolled an additional forty days, and Carr's federal petition would still have been due on or before November 23, 2005.